# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| DENNIS EHLERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07CV765–HEH |
| | ) | |
| VIRGINIA STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Denying Defendant's Motion to Dismiss)

THIS MATTER is before the Court on Defendant Virginia State University's

Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4),

12(b)(5), and/or 12(b)(6). Both parties have filed memoranda of law in support of their

respective positions. The Court will dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the Court and argument

would not aid in the decisional process. For the reasons stated herein, the Court will deny

Defendant's Motion to Dismiss.

## I. Background

Plaintiff Dennis Ehlert is a Caucasian male who worked as a non-tenured professor

at Virginia State University ("VSU") for three years prior to April 2004. In April 2004,

Ehlert received a terminal contract for the 2004–2005 academic year. In early 2005,

Ehlert was offered the opportunity to re-apply for his teaching position for the 2005–2006

academic year. Ehlert submitted a re-application but was not selected to teach again at

VSU. Ehlert asserts that he was given a terminal contract and not re-hired based on his race, and alleges circumstances that, if true, would support that claim.

After filing a timely complaint with the Equal Employment Opportunity Commission (EEOC) and receiving a right to sue letter, Ehlert filed this action against VSU pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, seeking injunctive relief, declaratory judgment, and compensatory and punitive damages.

VSU has now filed this Motion to Dismiss, seeking dismissal with prejudice of Ehlert's case. Although styled as a motion pursuant to Rule 12(b)(1), 12(b)(4), 12(b)(5), and/or 12(b)(6) of the Federal Rules of Civil Procedure, the Court notes as a preliminary matter that no argument was presented regarding the Rule 12(b)(1) motion; further, VSU has agreed to withdraw its motion under Rule 12(b)(4) and (5). Consequently, only the Rule 12(b)(6) motion is before the Court.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991).

2

To survive a motion for dismissal under Rule 12(b)(6) in an employment discrimination case, the complaint "[need] not contain specific facts establishing a prima facie case of discrimination . . . . but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 (2007) (internal quotation marks omitted). The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952. Moreover, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.* at 1965 (internal quotation marks omitted).

### III. Analysis

Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] complaint meets Rule 8's requirements if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (finding that Petitioner's employment discrimination complaint was sufficient because it "alleged that he had been terminated on account of his national origin" and "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination").

3

Here, Ehlert's Complaint alleges that he was not re-hired based on his race. Ehlert outlines the basic facts surrounding his final contract, VSU's failure to re-hire him as a professor, and purported statements and conduct that, if true, could establish a racially discriminatory basis for his application's rejection. Despite VSU's protestations, "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a Rule 12 motion. *Swierkiewicz*, 534 U.S. at 515. Ehlert has provided notice of his "claim and its general basis" sufficient to defeat the instant motion.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. No. 3) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
United States District Judge

Date: March 5, 2008
Richmond, VA